UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR, aka BRANDON FAVOR-EL,<br><br>    Petitioner,<br><br>    v.<br><br>MICHELLE ROME,<br><br>    Respondent. | No. 1:16-cv-01808-DAD-SKO<br><br>ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE |

Petitioner, Brandon Favor is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition in the above-captioned case attempts to assert the same claim petitioner previously alleged in *Favor v. Vasquez*, No. 1:16-cv-01444-SKO.[1] That earlier filed petition was dismissed as a second or successive petition filed without leave of the United States Court of Appeals for the Ninth Circuit on October 25, 2016. Accordingly, the court also dismisses this petition.

PRELIMINARY SCREENING

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus. The court must dismiss a petition "[i]f it plainly

---

[1] *Favor v. Vasquez* was originally filed as *Favor v. Romg* [sic].

1

appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## PETITION IS SUCCESSIVE

Petitioner has filed multiple prior petitions for writ of habeas corpus in this district and in the Central District of California. Many of these petitions seek to set aside petitioner's 2008 criminal convictions based on unsupported allegations made by petitioner concerning various individuals, including Michelle Rome,[2] who is named as respondent in this action. In the petition pending before the court in this case, petitioner attempts to attack that same 2008 conviction and characterizes his claim as being for "non-statutory relief." (Doc. No. 1 at 2.)

A district court must dismiss any claim presented in a second or successive § 2254 petition that was presented in a prior application. 28 U.S.C. § 2244(b)(1). In addition, a district court must dismiss any claim presented in a second or successive § 2254 petition unless the applicant shows that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) the factual predicate for the claim could not have been discovered previously with due diligence and the facts underlying the claim, if proven and reviewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found petitioner guilty of the underlying offense, 28 U.S.C. § 2244(b)(2).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

---

[2] Petitioner has referred to Ms. Rome is various ways including Mychelle Romg, Michelle Romg, and Mychelle Rome. Context suggests that all of these similar names used by petitioner are intended to refer to the same individual.

to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656–57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner has not obtained leave to file the above-captioned petition from the circuit court. As a result, this court must dismiss the petition.

CONCLUSION

For the reasons set forth above,

1. The petition for writ of habeas corpus (Doc. No. 1) is hereby dismissed without prejudice to its refiling by petitioner with a copy of an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 2, 2016**

UNITED STATES DISTRICT JUDGE

3